IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| LYN ANDERSON, et al., | * |
| Plaintiffs, | * |
| vs. | *   CASE NO. 4:08-CV-151 (CDL) |
| ROLLAND G. DIVIN, et al., | * |
| Defendants. | * |

O R D E R

Presently pending before the Court is Pension Benefit Guaranty Corporation's Motion to Intervene (Doc. 30).  The Court interprets this motion to be a request to substitute Pension Benefit Guaranty Corporation ("PBGC") as the real party in interest for the existing named Plaintiffs pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure.  This motion is granted.

The Court finds the circumstances surrounding this request for substitution to be indistinguishable from those presented to the Eleventh Circuit in *Delta Coal Program v. Libman,* 743 F.2d 852 (11th Cir. 1984). In *Delta Coal Program,* the Eleventh Circuit rejected the same arguments made by Defendants in the present case, finding substitution to be appropriate under circumstances directly analogous to those existing here.[1]  Accordingly, PBGC, the real party in

---

[1] Curiously, counsel for both parties failed to cite *Delta Coal Program* in their briefs.  The Court would have expected PBGC's counsel to have cited the case in support of its argument. Moreover, Defendants' counsel likely had an obligation, as an officer of the Court, to cite the case as contrary authority given the similarity of the circumstances presented there and the Eleventh Circuit's rejection of arguments closely similar to those presented by Defendants here.

interest in this case, is hereby substituted as the Plaintiff, and the Clerk shall reflect this substitution by removing the original named Plaintiffs as parties and substituting PBGC in their place. The Court further finds that PBGC should be permitted to amend the present Amended Complaint consistent with the allegations made in its proposed complaint that was included with its motion to intervene. Based on the Court's substitution of PBGC as the Plaintiff in this action, the Court finds that Defendants' Motions to Dismiss (Docs. 14 & 15) are now moot.

The stay that was previously imposed is hereby lifted. Within thirty days after service of the Complaint upon the last Defendant served, the parties shall submit a joint proposed Scheduling/Discovery Order containing the information required by the Court's previously issued Rules 16/26 Order (Doc. 16).

IT IS SO ORDERED, this 23rd day of September, 2009.

    S/Clay D. Land
       CLAY D. LAND
UNITED STATES DISTRICT JUDGE