IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

PENSION BENEFIT GUARANTY           *
CORPORATION, as Statutory
Trustee of the Tom's Foods         *
Pension Plan,
                                   *
     Plaintiff,
                                   *      CASE NO. 4:08-CV-151 (CDL)
vs.
                                   *
ROLLAND G. DIVIN, et al.,
                                   *
     Defendants.
_____ *

O R D E R

     In what is becoming a recurring pattern in the "Rule 12(b)(6)

Revival Era," counsel for Defendants Michael E. Heisley, Andrew G.C.

Sage, II, Stanley H. Meadows, and Emily Heisley-Stoeckel ("Director

Defendants") seek dismissal of Plaintiff's Complaint for failure to

state a claim when their arguments are best suited for summary

judgment.  The Supreme Court decisions in *Twombly*[1] and *Iqbal*[2] have

added this ammunition to the defense counsel arsenal, and its

deployment cannot be resisted by those who interpret these cases to

harken a return to the days of the ancient special demurrer practice,

where cases were dismissed based upon the "art of pleading" rather

than whether they placed a defendant on notice of the essential facts

supporting the plaintiff's claim.  This Court does not interpret

---

[1]*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

[2]*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).

*Twombly* and *Iqbal* to represent such a sea change in the pleading requirements under the Federal Rules of Civil Procedure. For the following reasons, the pending motion to dismiss (Doc. 61) is denied. In addition, as discussed in more detail below, Plaintiff's motion to strike certain of Defendants' affirmative defenses (Doc. 66) is denied.

## I. Motion to Dismiss

### A. Motion to Dismiss Standard

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does

not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

B.    Plaintiff's Second Amended Complaint

Plaintiff alleges that Defendants, as officers and directors of Tom's Foods, Inc., invested the assets of the Tom's Foods Pension Plan in speculative "junk bonds" issued by Tom's Foods, which Defendants knew or should have known were inappropriate investments for the Pension Plan.  Plaintiff maintains that as officers and directors of Tom's Foods, Defendants were keenly aware of the company's precarious financial condition at the time of the investments and either knew, or should have known, that it was unlikely that Tom's Foods would be in a position to pay back the bonds.

Plaintiff's claims against the Director Defendants, who were on Tom's Board of Directors and appointed the investment committee that made the investment decisions, are based on their failure to evaluate properly the nature of the investments, their failure to monitor properly the decisions of the investment committee, and their alleged exercise of improper influence over the investment committee.  These allegations, when read in conjunction with the rest of the Complaint, clearly notify Defendants of the nature and substance of the claims against them.  Plaintiff contends that the Director Defendants had an

ongoing responsibility to monitor the performance of their committee and the nature of their decisions. These allegations are not mere formulaic recitations of generic causes of action or simplistic labels; they are sufficient to put Defendants on notice of plausible causes of action arising from the alleged facts. Moreover, at this early stage of the litigation, the Court is not convinced that no cause of action exists if Plaintiff proves its allegations. In the end, Plaintiff may not be able to carry its burden, but that determination should be made after discovery and not before.

This Court does not interpret *Twombly* and *Iqbal* to close the courthouse door to plaintiffs who are unable at the time they file their complaint to allege with precision all of the facts that support their claims. The Federal Rules of Civil Procedure contemplate that many of those facts will be "discovered" during discovery. What plaintiffs must do is allege sufficient facts that raise a reasonable expectation that discovery will reveal such evidence. Plaintiff here has done so. Accordingly, Defendants' Motion to Dismiss (Doc. 61) is denied.

## II.  Motion to Strike

Plaintiff moves to strike Defendant Rolland G. Divin's Second and Third Affirmative Defenses and the Ninth Affirmative Defense of Defendants Sharon M. Sanders, Mark Fryer and Gail Knight ("Investment Committee Defendants"). These affirmative defenses allege that Plaintiff's claims are barred by "the applicable statute of

4

limitations" and by the doctrine of laches.  Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Plaintiff contends that Defendants' statute of limitations and laches defenses should be stricken because they are insufficient and because they do not apply in this action.

Under Federal Rule of Civil Procedure 8(b)(1), a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it."  The Court concludes that Defendants' affirmative defenses are sufficient to put Plaintiff on notice of the basis for Defendants' defenses.  The next question is whether the Court can find—prior to discovery—that the defenses are inapplicable as a matter of law.  The Court concludes that it should defer the decision until after discovery.  Even if the Court were to assume that the action was filed within the applicable statute of limitations, the Court notes that a laches defense might still apply.  While "there is a strong presumption that a plaintiff's suit is timely if it is filed before the statute of limitations has run," laches still may be recognized as a defense in such cases, albeit only "in the most extraordinary circumstances."  *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1320 (11th Cir. 2008) (refusing to adopt bright-line rule that laches defense can never apply in copyright action filed within statute of limitations); *see also Martin v. Consultants & Adm'rs,*

*Inc.*, 966 F.2d 1078, 1091 (7th Cir. 1992) (finding that laches could apply in ERISA case brought within statute of limitations and cataloguing cases). Therefore, the Court finds it inappropriate to strike the laches defense prior to discovery. The Court further concludes that Plaintiff would suffer little prejudice if the Court also deferred ruling on the statute of limitations issue until after discovery when all of the relevant facts have been developed. Thus, the Court declines to strike the statute of limitations defense at this time.

                              CONCLUSION

     For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 61) is denied, and Plaintiff's Motion to Strike (Doc 66) is denied.

     It appears that discovery in this case has been stayed pending the Court's rulings on various motions. That stay is lifted, and the parties are ordered to confer within thirty days and provide the Court with a joint proposed scheduling order by July 9, 2010 meeting the requirements set forth in the Court's previously issued Rule 16/26 Order (Doc. 16).


     IT IS SO ORDERED, this 27th day of May, 2010.


                                        S/Clay D. Land
                                        ───────────────────
                                        CLAY D. LAND
                                        UNITED STATES DISTRICT JUDGE